FILED
CLERK, U.S. DISTRICT COURT

NOV 1 2 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

1  GLASER, WEIL, FINK, JACOBS,
       HOWARD & SHAPIRO, LLP
2  Mark L. Block, State Bar No. 115457
   10250 Constellation Boulevard, 19th Floor
3  Los Angeles, California 90067
   Telephone:  (310) 553-3000
4  Facsimile:  (310) 556-2920
   mblock@glaserweil.com
5
   Attorneys for Defendant
6  SAFELITE GROUP, INC.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  JOSEPH PEREZ, on behalf of himself    )   Case No.  CV10-8653 RGK
    and others similarly situated,         )                   (FFMx)
12                                         )   NOTICE OF REMOVAL OF CIVIL
              Plaintiffs,                  )   ACTION TO FEDERAL COURT
13                                         )
        v.                                 )   [Class Action Fairness Act and
14                                         )   Diversity of Citizenship]
    SAFELITE GROUP, INC.;                  )
15  and DOES 1 to 50, inclusive,          )   [Filed Concurrently With Civil Cover
                                           )   Sheet; Notice of Interested Parties;
16            Defendants.                  )   Declaration of Barbara Mason]
                                           )
17  _____   )   [Complaint Filed:  October 5, 2010]

18

19

20

21

22

23

24

25

26

27

28

721679v1

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JOSEPH PEREZ, AND TO PLAINTIFFS' ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Safelite Group, Inc. ("Safelite") hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Los Angeles, to the United States District Court, Central District of California.

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 (the "Act"). See 28 U.S.C. § 1332(d). In relevant part, the Act grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of 100 or more putative class members is a citizen of a state different from any defendant and the amount in controversy for the putative class members in the aggregate exceeds $5,000,000, exclusive of interest and costs. The Act authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of the Act's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

## PROCEDURAL BACKGROUND

2. On October 5, 2010, Plaintiff Joseph Perez filed a Complaint in the Superior Court of the State of California, in and for the County of Los Angeles, Joseph Perez, on behalf of himself and others similarly situated v. Safelite Group, Inc.; and Does 1 though 50, inclusive, case number BC446908 (the "State Court Action").

3. Plaintiff asserts seven claims for monetary and nonmonetary relief in the State Court Action against Defendant, including: (1) Failure to Pay Wages and/or Overtime; (2) Failure to Provide Meal Breaks Under Labor Code § 226;

Glaser Weil Fink Jacobs
Howard & Shapiro LLP
10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

1  (3) Failure to Provide Rest Breaks Under Labor Code § 226; (4) Failure to

2  Reimburse Expenses Pursuant to § 2802; (5) Failure to Provide Accurate Wage

3  Statements; (6) Penalties Pursuant to Labor Code § 203; and (7) Violation of

4  Business and Professions Code § 17200.

5      4.  The State Court Action seeks certification of the following class of

6  putative plaintiffs:  "All persons who are employed or have been employed, and

7  who have worked as an Associates for SAFELITE in the State of California since

8  four (4) years prior to the filing of this action."  Complaint ¶ 25.

9      5.  On October 12, 2010, one (1) copy of the Complaint, and Civil Case

10  Cover Sheet was delivered via personal service to Defendant's principal place of

11  business.  True and accurate copies of the Complaint, Summons, and Civil Case

12  Cover Sheet are attached hereto, collectively, as Exhibit A.

13      6.  No further proceedings have been heard in the State Court Action.

14      7.  Defendant did not receive, by service or otherwise, a copy of the pleadings

15  prior to October 12, 2010.

16  **PURPORTED CLASS ACTION UNDER STATE LAW**

17      8.  The State Court Action has been styled as a class action, pursuant to

18  California Code of Civil Procedure § 382.  California Code of Civil Procedure §

19  382 authorizes an action to be brought by one or more representative persons as a

20  class action.

21  **TIMELINESS OF REMOVAL**

22      9.  Pursuant to 28 U.S.C. § 1446(b), Defendant filed this removal within thirty

23  (30) days of its first receipt of a copy of the Summons and Complaint in the State

24  Court Action on October 12, 2010.

25      10. The Act applies to actions that were "commenced" on or after February

26  18, 2005.  Because the State Court Action was filed on October 5, 2010, it was

27  "commenced" on or after February 18, 2005, as required by the Act.  Therefore,

28  removal is proper under the Act.

Glaser Weil Fink Jacobs
Howard & Shapiro LLP
10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

**VENUE**

11. Pursuant to 28 U.S.C. §§ 84, 1441, and 1446(a), venue lies in the district and division in which the State Court Action is pending.  Accordingly, venue is proper in the United States District Court, Central District of California.

**CLASS ACTION FAIRNESS ACT**

12. Basis of Original Jurisdiction.  Section 4 of the Act, 28 U.S.C. § 1332(d)(2),[1] as amended, provides in relevant part that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class in which … any member of a class of plaintiffs is a citizen of a State different from any defendant."  See Luther v. Countrywide Home Loans Servicing LP, 553 F.3d 1031, 1033-1034 (9th Cir. 2008) (The Act "amended the requirements for diversity jurisdiction by granting district courts original jurisdiction over class actions exceeding $5,000,000 in controversy where at least one plaintiff is diverse from at least one defendant.  In other words, complete diversity is not required.")

13. As set forth below, pursuant to 28 U.S.C. § 1441(a), Safelite may remove the State Court Action to federal court under the Act if (1) the matter in controversy, in the aggregate, exceeds $5,000,000, exclusive of interest and costs, (2) the case is a class action involving more than 100 putative class members, and (3) at least one member of the putative class is a citizen of a State different from Safelite.

**DIVERSITY**

14. Plaintiff's Citizenship.  Plaintiff Perez is a resident of the State of California.  Complaint ¶ 10.  For purposes of determining citizenship, "the place

---

[1] While there are a number of exceptions to this rule of original jurisdiction contained in amended 28 U.S.C. § 1332(d)(3)-(5), none are applicable to the instant action.

Glaser Weil Fink Jacobs
Howard & Shapiro LLP
10250 Constitution Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

1  of residence is prima facie the domicile." <u>See</u> <u>State Farm Mut. Auto. Ins. Co. v.</u>

2  <u>Dyer</u>, 19 F.3d 514, 520 (10th Cir. 1994). An individual is a citizen of the state in

3  which he is domiciled. <u>See</u> 28 U.S.C. § 1332(a)(1). Therefore, Plaintiff is a

4  citizen of the State of California.

5      15. <u>The Class</u>. Plaintiff seeks to represent current and former Associates of

6  Safelite who were employed in the State of California during the putative class

7  period. Complaint ¶ 25.

8      16. <u>Safelite's Citizenship</u>. Pursuant to 28 U.S.C. § 1332(c), "a corporation

9  shall be determined to be a citizen of any State by which it has been incorporated

10 and of the State where it has its principal place of business." Safelite is a

11 Delaware corporation with its principal place of business located in Columbus,

12 Ohio. Declaration of Barbara Mason ("Mason Decl.") ¶ 3. Accordingly, Safelite

13 is a citizen of the States of Delaware and Ohio, and not the State of California.

14     17. <u>Doe Defendants</u>. Although Plaintiff has also named additional fictitious

15 defendants "Does 1 through 50," the Complaint does not set forth the identity or

16 status of any fictitious defendants. Pursuant to 28 U.S.C. § 1441(a), the

17 citizenship of fictitious defendants must be disregarded for the purpose of

18 determining diversity jurisdiction and cannot destroy the diversity of citizenship

19 between the parties. <u>See</u> <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686, 690-691

20 (9th Cir. 1998).

21     18. Diversity of citizenship exists because Plaintiff Perez, who is a member of

22 the putative class of plaintiffs, is a citizen of the State of California whereas

23 Safelite is a citizen of the State of Delaware and the State of Ohio.

24                              **SIZE OF CLASS**

25     19. Plaintiff filed the State Court Action seeking to represent a class of all

26 Safelite Associates in the State of California in the past four years. Complaint ¶

27 25. "Plaintiff is informed, and believes that Defendants currently employ, and

28 during the relevant time periods employed, over 75 Associates." <u>Id.</u> ¶ 28. In

Glaser Weil Fink Jacobs
Howard & Shapiro LLP
10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

1  fact, Safelite has employed approximately 1,200 Associates in the State of

2  California within the past four years.  Mason Decl. ¶ 4.

3     20. Thus, the proposed class would consist of greater than 100 putative class

4  members.

5                                   **AMOUNT IN CONTROVERSY**

6     21. Plaintiff's Complaint is silent as to the total amount in controversy.

7  However, Plaintiff's failure to specify the total damages or other monetary relief

8  sought does not deprive this Court of jurisdiction.  See White v. J.C. Penny Life

9  Ins. Co., 861 F.Supp 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to

10  federal court notwithstanding the failure of plaintiff to plead a specific dollar

11  amount in controversy; if the rule were otherwise, "any plaintiff could avoid

12  removal simply by declining, as the plaintiff has done here, to place a specific

13  dollar value upon its claim").  Rather, "when the plaintiff fails to plead a specific

14  amount of damages, the defendant seeking removal 'must prove by a

15  preponderance of the evidence that the amount in controversy requirement has

16  been met.'"  Lowdermilk v. U.S. Bank National Assoc., 479 F.3d 994, 998 (9th

17  Cir. 2007) (citing Abrego Abrego v. Shell Oil Co., 443 F.3d 676, 683 (9th Cir.

18  2006)).  Under the preponderance of the evidence standard, a removing

19  defendant must provide evidence to establish that it is "more likely than not" that

20  the amount in controversy exceeds that amount.  Sanchez v. Monumental Life

21  Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  This burden is not "daunting" and

22  does not obligate a removing defendant to "research, state, and prove the

23  plaintiff's claims for damages."  Korn v. Polo Ralph Lauren Corp., 536 F. Supp.

24  2d 1199, 1204-1205 (E.D. Cal. 2008).

25     22. Notwithstanding Plaintiff's failure to allege the total amount of monetary

26  relief claimed, the Act authorizes the removal of class actions in which, among

27  other requirements set forth above, the amount in controversy exceeds

28  $5,000,000.  See U.S.C. § 1332(d).  Safelite denies Plaintiff's claims of

Glaser Weil Fink Jacobs
Howard & Shapiro LLP
10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

1  wrongdoing and requests for relief thereon; nonetheless, based on the allegations
2  on the face of the Complaint, the amount in controversy exceeds this Court's
3  jurisdictional threshold under the Act, calculated as follows:

a.  Plaintiff asserts claims on behalf of himself and the putative class
    for:  (1) Failure to Pay Wages and/or Overtime; (2) Failure to
    Provide Meal Breaks Under Labor Code § 226; (3) Failure to
    Provide Rest Breaks Under Labor Code § 226; (4) Failure to
    Reimburse Expense Pursuant to § 2802; (5) Failure to Provide
    Accurate Wage Statements; (6) Penalties Pursuant to Labor Code §
    203; and (7) Violation of Business and Professions Code § 17200.

b.  Plaintiff's proposed four-year class period, which immediately
    precedes the filing of the State Court Action, runs from
    approximately October 5, 2006 to the present.  Complaint ¶¶ 2-6.

c.  Approximately 1,200 current and former Safelite employees fall
    within the broadly-defined class.  Mason Decl. ¶ 4.  Of these, 582
    are current Safelite employees and 608 are former employees.  Id. ¶
    5.

d.  The putative class members worked for an average of 1.61 years
    during the relevant period.  Mason Decl. ¶ 6.  445 putative class
    members received 41 or more pay checks during that period.  745
    putative class members received fewer than 41 pay checks during
    that period.  Those who received fewer than 41 pay checks received,
    on average, 16 pay checks.  Id. ¶ 7.

e.  The putative class members earned an average hourly wage of
    $15.77 during the four-year class period.  Mason Decl. ¶ 8.

f.  Unpaid Wages / Overtime Claim.  In regard to the First Cause of
    Action, Plaintiff alleges that the putative class members "were
    forced to work on a regular and consistent basis without receiving

Glaser Weil Fink Jacobs
Howard & Shapiro LLP
10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

compensation for all hours worked at their regular rate, or if in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek, at the applicable overtime rate."  Complaint ¶ 36. Safelite denies Plaintiff's claim for unpaid wages.  Nevertheless, using a conservative assumption that this "regular and consistent" practice amounted to 1 hour of unpaid overtime, per employee, per week, the amount in controversy for this claim alone exceeds $2 million (1,200 class members x $15.77 per hour x 1.5 overtime premium pay x 52 weeks x 1.61 years = $2,376,475).  To the extent Plaintiff claims weekly overtime hours in excess of one hour, the amount in controversy increases accordingly.

g.  Meal Break Claim.  Plaintiff seeks to recover for meal breaks Safelite allegedly denied the putative class members during the relevant period, for which Plaintiff asserts that each class member would be entitled to 1 hour of wages per missed meal break. Complaint ¶¶ 40-42.  Safelite denies that Plaintiff or any putative class member was denied a meal break in violation of California law.  Nonetheless, assuming, *arguendo*, each employee missed 1 meal break per week during the relevant period, the amount in controversy for this claim totals $1,584,316 (1,200 class members x $15.77 per hour x 52 weeks x 1.61 years = $1,584,316).  Again, to the extent Plaintiff asserts more than one missed meal break per week is at issue, the amount in controversy increases accordingly.

h.  Rest Break Claim.  Similarly, Plaintiff also seeks to recover "one (1) hour of wages per missed rest break" after Plaintiff, allegedly, "consistently worked over four (4) hours per shift with no rest breaks."  Complaint ¶¶ 44-46.  Safelite denies Plaintiff's claim for missed rest breaks.  Nonetheless, assuming again, *arguendo*, each

Glaser Weil Fink Jacobs
Howard & Shapiro LLP
19th Floor
10250 Constellation Blvd.
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

1   plaintiff "consistently" missed 1 rest break per week during the

2   relevant period, the amount in controversy for this claim totals

3   $1,584,316 (1,200 class members x $15.77 per hour x 52 weeks x

4   1.61 years = $1,584,316).  To the extent Plaintiff asserts more than

5   one missed meal break per week is at issue, the amount in

6   controversy increases accordingly.

7   i.   <u>Wage Statement Claim</u>.  In addition, Plaintiff asserts that Safelite

8   "knowingly and intentionally failed to comply with Labor Code §

9   226(a) on each and every wage statement that should have been

10   provided to Plaintiff and the Class Members."  Complaint ¶ 50.

11   Pursuant to Labor Code § 226(e), an employer who fails to provide

12   correct and accurate itemized wage statements can be liable for $50

13   per employee for each initial violation, with the penalty capped at

14   $4,000 per employee.  290 putative class members received 80 or

15   more pay checks during the proposed four-year class period.  900

16   putative class members received fewer than 80 pay checks during

17   that period.  Those who received fewer than 80 pay checks received,

18   on average, 23 pay checks.  Mason Decl. ¶ 7.   While Safelite

19   expressly denies any and all violations of California law with

20   respect to its wage statements, the amount in controversy for

21   Plaintiff's §226 itemized wage statement claim alone equals

22   $2,195,000 (290 class members x $4,000 + 900 class members x

23   $50 x 23 pay periods) = $2,195,000.

24   j.   <u>Waiting Time Claim</u>.  Plaintiff also seeks waiting time penalties

25   under California Labor Code § 203 based on Safelite's alleged

26   failure to timely pay outstanding wages and overtime at the

27   termination of employment.  Plaintiff asserts that "Pursuant to the

28   provisions of Labor Code § 203, Plaintiff and the proposed class

Glaser Weil Fink Jacobs
Howard & Shapiro LLP
10250 Constitution Blvd.
9th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

entitled to penalties in the amount of Plaintiff's and others daily wage multiplied by thirty (30) days." Complaint ¶ 56. Safelite denies that any putative class member did not receive his or her final paycheck in full compliance with California Labor Code § 203. Nevertheless, by Plaintiff's method of calculation, the amount in controversy for Plaintiff's waiting time claim is approximately $2,301,158 (608 terminated class members x $15.77 per hour x 8 hours per day x 30 days = $2,301,158).

k. In addition to the above, Plaintiff also alleges a claim for failure to reimburse putative class members for business expenses for tools and uniforms. Complaint ¶ 49. Safelite denies Plaintiff's claim. Nonetheless, for the purposes of removal under the Act, the reimbursement sought further increases the amount in controversy.

23. Based on the foregoing, as pled, Plaintiff's claims for relief place an amount in controversy well in excess of the $5,000,000 jurisdictional threshold of this Court – even without assessing the additional amount Plaintiffs' counsel will place in controversy for attorney fees – as required by 28 U.S.C. § 1332(d). Thus, removal of the State Court Action is appropriate.

## NOTICE OF INTERESTED PARTIES

24. Pursuant to Local Rule 7.1-1, a Notice of Interested Parties is being filed concurrently with this Notice of Removal.

## NOTICE TO PLAINTIFF

25. As required by 28 U.S.C. § 1446(d), Safelite will provide written notice of the filing of this Notice of Removal to Plaintiff, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Los Angeles.

Glaser Weil Fink Jacobs
Howard & Shapiro LLP
10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

**WHEREFORE,** Defendant Safelite prays that the State Court Action be removed from the Superior Court of the State of California, in and for the County of Los Angeles to the United States District Court, Central District of California.

Dated:  November ⎰2, 2010

GLASER, WEIL, FINK, JACOBS,
    HOWARD & SHAPIRO, LLP
Mark L. Block

By: _____
    Mark L. Block
    Attorneys for SAFELITE GROUP, INC.

Glaser Weil Fink Jacobs
Howard & Shapiro LLP
10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

EXHIBIT   A

1  KINGSLEY & KINGSLEY, APC
   ERIC B. KINGSLEY, ESQ.       SBN-185123
2  DARREN M. COHEN, ESQ.        SBN-221938
   LIANE L. KATZENSTEIN, ESQ.   SBN-259230
3  16133 VENTURA BLVD., SUITE 1200
   ENCINO, CA 91436
4  (818) 990-8300, FAX (818) 990-2903

5  Attorneys for Plaintiffs

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10

11 JOSEPH PEREZ, on behalf of himself   )   CASE NO.:    BC446908
   and others similarly situated,       )
12                                       )   CLASS ACTION COMPLAINT FOR:
                                         )
13              Plaintiffs,              )   1.  Failure to Pay Wages and/or Overtime
                                         )   2.  Failure to Provide Meal Breaks Under
14                                       )       Labor Code §226.7
        v.                               )   3.  Failure to Provide Rest Breaks Under
15                                       )       Labor Code §226.7
                                         )   4.  Failure to Reimburse Expense Pursuant
16 SAFELITE GROUP, INC.;                 )       to §2802
   and DOES 1 to 50, Inclusive,          )   5.  Failure to Provide Accurate Wage
17                                       )       Statements
                                         )   6.  Penalties Pursuant to Labor Code §203
18              Defendants.              )   7.  Violation of Business & Professions
                                         )       Code §17200
19 _____)

20      Plaintiff **JOSEPH PEREZ** on behalf of himself and all others similarly situated, complains of

21 Defendants, and each of them, as follows:

22

23                                      I

24                             **INTRODUCTION**

25      1.      This is a Class Action, pursuant to Code of Civil Procedure §382, on behalf of Plaintiff and

26 all individuals who hold or held the position of "Associate" who are employed by, or formerly

27 employed by **SAFELITE GROUP, INC.** and any subsidiaries or affiliated companies (hereinafter

28 referred to as "**SAFELITE**" or "Defendants"), within the State of California.

                                        1

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 05 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
        Shaunya Wesley

2.     For at least four (4) years prior to the filing of this action continuing to the present, Defendants have had a consistent policy of failing to pay wages and/or overtime to Associates for all work performed and/or work over eight (8) hours per day and/or forty (40) hours per week.

3.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of requiring Associates within the State of California, including Plaintiff, to work at least five (5) hours without an uninterrupted meal period and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period is not provided or provided after five (5) hours, as required by California state wage and hour laws.

4.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Associates within the State of California, including Plaintiff, rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the rest period was not provided, as required by California state wage and hour laws.

5.     For at least four (4) years prior to the filing of this action continuing to the present, Defendants have had a consistent policy of not reimbursing Associates for tools and uniforms purchased as a necessary condition and requirement of employment, as well as their out of pocket expenses to maintain uniforms (including sanitization) as a requirement of employment.

6.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistently policy and/or practice of failing to maintain time records accurately showing when employees, including Plaintiff, begin and end each work period, meal periods, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked.

7.     Plaintiff, on behalf of himself and all proposed class members, brings this action pursuant to Labor Code §§201, 202, 203, 226(a), 226.7, 510, 512, 558, 1194, 1199, and 2802 seeking unpaid wages and/or overtime, unpaid meal and rest period compensation, reimbursement of expenses, waiting time penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

2

8.   Plaintiff, on behalf of himself and all proposed class members, pursuant to Business & Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to provide wages and/or overtime, meal and rest period compensation, and reimbursement of expenses.

## II

## PARTIES

### A.   Plaintiff

9.   Venue as to each Defendant is proper in this judicial district, pursuant to <u>Code of Civil Procedure</u> §395. Defendants operate several locations within Southern California. Defendants do business within Los Angeles County. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and Los Angeles County.

10.   Plaintiff **JOSEPH PEREZ** is a resident of California.

11.   As an hourly employee, Plaintiff **PEREZ** was regularly required to:

(1)   Work without being properly compensated for all hours worked at the proper rate;

(2)   Work in excess of five (5) hours per day without being provided a meal period and not being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was not provided or provided after five (5) hours, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

(3)   Work without being provided a minimum ten (10)minute rest period for every four (4) hours or major fraction thereof worked and not being compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

(4)   Work without being reimbursed expenses for tools and uniforms that were incurred on Defendants' behalf; and

(5)   Work without being provided an accurate itemized wage statements that reflects all deductions from payment of wages and accurately reporting total hours worked, including when the employee begins and ends each work period, meal periods, and total daily hours worked, by Plaintiff and the members of the proposed class.

///

3

CLASS ACTION COMPLAINT

1    12.   Defendants willfully failed to compensate Plaintiff and others for wages at the termination

2  of their employment with Defendants.

3    **B.   Defendants**

4    13.   Defendant **SAFELITE GROUP, INC.** is believed to be an Delaware corporation operating

5  in California.  It owns and operates several locations in the State of California.  The Defendant's

6  corporate address is 2400 Farmers Dr., Columbus, OH 43235.  Defendants employed Plaintiff and

7  similarly situated persons as Associates within California.

8    14.   The true names and capacities, whether individual, corporate, associate, or otherwise, of

9  Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore

10  sues Defendants by such fictitious names under Code of Civil Procedure §474.  Plaintiff is informed

11  and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is

12  legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave

13  of court to amend this Complaint to reflect the true names and capacities of the Defendants designated

14  hereinafter as DOES when such identities become known.

15    15.   Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in

16  all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme,

17  business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally

18  attributable to the other Defendants.  Furthermore, Defendants in all respects acted as the employer

19  and/or joint employer of Plaintiff and the proposed class.

20                                   **III**

21                        **FACTUAL BACKGROUND**

22    16.   Plaintiff and the Class are, and at all times pertinent hereto, have been non-exempt

23  employees within the meaning of the California Labor Code, and the implementing rules and

24  regulations of the IWC California Wage Orders.  Defendants hire employees who work as "Associates."

25    17.   Plaintiff and the Class worked without receiving compensation for all hours worked at the

26  proper rate.

27    18.   Plaintiff and the Class have not been provided meal periods for work days in excess of five

28  (5) hours and were not compensated one hours wages in lieu thereof.

4

19.   Plaintiff and the Class have rest periods for work days in excess of four (4) without being provided a rest period and were not compensated one hours wages in lieu thereof.

20.   Defendants did not fully compensate the proposed class for Defendants' failure to provide rest periods and meal periods. Defendants' requirement that Plaintiff and the proposed class work through meal and rest periods without paying legal compensation for failure to provide rest or meal periods was willful and deliberate.

21.   Plaintiff and the Class have not been properly reimbursed expenses associated with the purchase of tools and uniforms, and maintenance of their uniforms as a requirement of employment.

22.   Defendants have failed to comply with Industrial Welfare Commission ("IWC") Wage Order 4-2001(7) by failing to maintain time records showing when the employee begins and ends each work period, meal periods, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked by Plaintiff and the members of the proposed class.

23.   Plaintiff and the proposed class are, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

24.   Plaintiff and the class are covered by California Industrial Welfare Commission Occupational Wage Order No. 4-2001, California Industrial Welfare Commission in No. 4 (Title 8 Cal. Code of Reg. §§11040).

## IV

## CLASS ACTION ALLEGATIONS

25.   Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to §382 of the Code of Civil Procedure. Plaintiff seeks to represent a class defined as follows:

> All persons who are employed or have been employed, and who have worked as an Associates for SAFELITE in the State of California since four (4) years prior to the filing of this action.

///

///

5

CLASS ACTION COMPLAINT

26.    Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

27.    This action has been brought and may properly be maintained as a class action under the provisions of §382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

**A.    Numerosity**

28.    The potential members of the proposed class as defined are so numerous that joinder of all the members of the proposed class is impracticable.   While the precise number of proposed class members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, over 75 Associates.

29.    Plaintiff alleges Defendants' employment records would provide information as to the number and location of all proposed class members.   Joinder of all members of the proposed class is not practicable.

**B.    Commonality**

30.    There are questions of law and fact common to the proposed class that predominate over any questions affecting only individual class members.   These common questions of law and fact include, without limitation:

(1)    Whether Defendants failed to pay wages and/or overtime compensation as required by the Labor Code and Wage Orders for all hours worked at the proper rate;

(2)    Whether Defendants violated Labor Code §§226.7 and 512, IWC Wage Order 4-2001 or other applicable IWC Wage Orders, by failing to provide meal periods on days Associates worked in excess of five (5) hours and failing to compensate said employees one (1) hours wages in lieu of meal periods;

(3)    Whether Defendants violated Labor Code §§226.7 and 512, Wage Order 4-2001 or other applicable IWC Wage Orders, by failing to provide daily rest periods for every four (4) hours or major fraction thereof worked and failing to compensate said employees one (1) hours wages in lieu of rest periods;

CLASS ACTION COMPLAINT

1        (4)   Whether Defendants violated Labor Code §2802 by failing to properly reimburse

2    expenses incurred on the Defendants' behalf;

3        (5)   Whether Defendants violated Wage Order 4-2001 or other applicable IWC Wage

4    Orders by failing to maintain time records showing when the employee begins and ends each work

5    period, meal periods, and total daily hours worked by itemizing in wage statements all deductions from

6    payment of wages and accurately reporting total hours worked by Plaintiff and the members of the

7    proposed class;

8        (6)   Whether Defendants violated §§201-203 of the Labor Code by failing to pay

9    compensation due and owing at the time that any proposed class member's employment with

10   Defendants terminated;

11       (7)   Whether Defendants violated §17200 et seq. of the Business & Professions Code by

12   failing to provide wages and compensation to employees; and

13       (8)   Whether Plaintiff and the members of the proposed class are entitled to equitable

14   relief pursuant to Business & Professions Code §17200, et. seq.

15   **C.**   **Typicality**

16     31.   The claims of the named Plaintiff are typical of the claims of the proposed class.  Plaintiff

17   and all members of the proposed class sustained injuries and damages arising out of and caused by

18   Defendants' common course of conduct in violation of laws, regulations that have the force and effect

19   of law and statutes as alleged herein.

20   **D.**   **Adequacy of Representation**

21     32.   Plaintiff will fairly and adequately represent and protect the interests of the members of the

22   proposed class.  Counsel who represents Plaintiff is competent and experienced in litigating large

23   employment class actions.

24   **E.**   **Superiority of Class Action**

25     33.   A class action is superior to other available means for the fair and efficient adjudication of

26   this controversy.  Individual joinder of all proposed class members is not practicable, and questions of

27   law and fact common to the proposed class predominate over any questions affecting only individual

28   members of the proposed class.  Each member of the proposed class has been damaged and is entitled

1  to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate Class

2  Members for all hours worked at the proper rate, denying class members rest and meal periods without

3  legal compensation, and failing to reimburse expenses incurred as a condition of employment.

4     34.  Class action treatment will allow those similarly situated persons to litigate their claims in

5  the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is

6  unaware of any difficulties that are likely to be encountered in the management of this action that would

7  preclude its maintenance as a class action.

8                                         V

9                          FIRST CAUSE OF ACTION

10                  FAILURE TO PAY WAGES AND/OR OVERTIME

11                       (LABOR CODE §§510 AND 1194)

12     35.  Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs

13  as if fully set forth herein.

14     36.  Plaintiff and others were forced to work on a regular and consistent basis without receiving

15  compensation for all hours worked at their regular rate or if more than eight (8) hours a day and/or forty

16  (40) hours per week, at the applicable overtime rate.  Plaintiff and the Class have not been compensated

17  for this time.  Defendants have a consistent policy of failing to pay Plaintiff and Class Members for all

18  hours worked.

19     37.  By their policy of requiring Plaintiff to work without receiving compensation for all hours

20  worked at their regular rate, or if in excess of eight (8) hours in a workday and/or forty (40) hours in

21  a workweek, without compensating Plaintiff at the rate of time and one-half (1 1/2), Defendants wilfully

22  violated the provisions of Labor Code §510.

23     38.  As a result of the unlawful acts of Defendants, Plaintiff and the members of the Proposed

24  Class have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled

25  to recovery of such amounts, plus interest and penalties thereon, pursuant to Labor Code §§510, 1194

26  and 1199.

27  ///

28  ///

8

CLASS ACTION COMPLAINT

VI

## SECOND CAUSE OF ACTION

### FAILURE TO ALLOW MEAL BREAKS PURSUANT TO LABOR CODE §226.7

39. Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

40. Labor Code §226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period. Plaintiff and the class consistently worked over five (5) hour shifts. Pursuant to the Code, Plaintiff and the class are entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

41. Defendants failed to provide Plaintiff and others with timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant class period.

42. Pursuant to Labor Code §226.7, Plaintiff and the class are entitled to damages in an amount equal to one (1) hour of wages per missed meal break, in a sum to be proven at trial.

VII

## THIRD CAUSE OF ACTION

### FAILURE TO ALLOW REST BREAKS PURSUANT TO LABOR CODE §226.7

43. Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

44. Labor Code §226.7 requires an employer to pay an additional hour (1) of compensation for each rest period the employer fails to provide. Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked. Plaintiff and the class consistently worked over four (4) hours per shift with no rest breaks.

45. Defendants failed to provide Plaintiff and others with rest breaks of not less than ten (10) minutes as required by the Labor Code during the relevant class period.

46. Pursuant to Labor Code §226.7, Plaintiff and the class are entitled to damages in an amount equal to one (1) hour of wages per missed rest break, in a sum to be proven at trial.

///

9

VIII

#### FOURTH CAUSE OF ACTION

#### FAILURE TO REIMBURSE FOR EXPENSES

47.   Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

48.   Labor Code §2802 requires employers to indemnify employees for all necessary expenditures incurred by the employee in the discharge of his or her duties.

49.   At all relevant times herein, Defendants required Plaintiff and the members of the Class to furnish their own tools as a necessary condition of employment. However, Defendants required Plaintiff and the members of the Class to purchase the tools without reimbursement. In addition, Defendants required Plaintiff and the members of the Class to purchase uniforms without reimbursement as a necessary condition and requirement of employment, as well as their out of pocket expenses to maintain uniforms (including sanitization) as a requirement of employment. As a result, Defendants are liable to Plaintiff and the Class for the amounts expended on tools and uniforms, plus interest, penalties, and attorney's fees and costs pursuant to Labor Code §2802.

IX

#### FIFTH CAUSE OF ACTION

#### FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS

50.   Labor Code §226(a) of the Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed class. Defendants have knowingly and intentionally failed to comply with Labor Code §226(a) on each and every wage statement that should have been provided to Plaintiff and the Class Members. By failing to keep adequate records as required by Labor Code §§226 and 1174(d), Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid wages earned, unpaid rest and meal period compensation, and losses and expenditures not indemnified by Defendants (including wages, interest, and penalties thereon) due Plaintiff and the Class Members.

///

///

10

1   51.   The Wage Order require Defendants to maintain time records showing, among other things,

2   when the employee begins and ends each work period, meal periods, split shift intervals and total daily

3   hours worked in an itemized wage statements, and must show all deductions and reimbursements from

4   payment of wages, and accurately report total hours worked by Plaintiff and the Class Members.

5   52.   As a consequence of Defendants' willful failure to provide Plaintiff and all Class Members

6   with itemized statements correctly reflecting all hours worked, Plaintiff and the Class Members are

7   entitled to penalties pursuant to Labor Code §226, in an amount according to proof.

8                                         IX

9                          SIXTH CAUSE OF ACTION

10           WAITING TIME PENALTIES UNDER LABOR CODE §203

11   53.   Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs

12   as if fully set forth herein.

13   54.   Numerous members of the proposed class including Plaintiff are no longer employed by

14   Defendants.  They were either fired or quit Defendants employ.

15   55.   The Defendants' failure to pay wages, as alleged above was willful in that Defendants and

16   each of them knew wages to be due but failed to pay them, thus entitling Plaintiff and the proposed

17   class to penalties under Labor Code §203, which provides that an employee's wages shall continue as

18   a penalty until paid for a period of up to thirty (30) days from the time they were due.

19   56.   Defendants have failed to pay Plaintiff and others a sum certain at the time of termination

20   or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30)

21   days thereafter.  Pursuant to the provisions of Labor Code §203, Plaintiff and the proposed class entitled

22   to penalties in the amount of Plaintiff's and others daily wage multiplied by thirty (30) days.

23                                         XI

24                         SEVENTH CAUSE OF ACTION

25              UNFAIR COMPETITION PURSUANT TO

26           BUSINESS & PROFESSIONS CODE §17200

27   57.   Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs

28   as if fully set forth herein.

58.   This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices. Plaintiff **JOSEPH PEREZ** on him own behalf and on behalf of the general public, and on behalf of himself and others similarly situated, brings this claim pursuant to Business & Professions Code §17200, et seq.  The conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the proposed class.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure §1021.5.

59.   Plaintiff is a "person" within the meaning of Business & Professions Code §17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

60.   Business & Profession Code §17200, et seq. prohibits unlawful and unfair business practices.

61.   Wage and hour laws express fundamental public policies. Providing employees with wages and/or overtime for all hours worked, meal and/or rest breaks, reimbursement of expenses, and providing accurate itemized records are fundamental public policies of this State and of the United States. Labor Code §90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

62.   Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code §17200, et seq., depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guarantees to all employees under law.

63.   Defendants' conduct, as alleged herein above, constitutes unfair competition in violation of §17200 et. seq. of the Business & Professions Code.

///

12

64.   Defendants by engaging in the conduct herein alleged, by not providing proper wages, breaks and overtime, either knew or in the exercise of reasonable care should have known that the conduct was unlawful. As such it is a violation of § 17200 et. seq. of the Business & Professions Code.

65.   As a proximate result of the above mentioned acts of Defendants, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

66.   Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above.  Pursuant to Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, their agents or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff and the proposed class members to the money Defendants have unlawfully failed to pay.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1.   For compensatory damages in the amount of Plaintiff's and each Class Members' wages and/or overtime from at least four (4) years prior to the filing of this action to the present as may be proven;

2.   For compensatory damages in the amount of Plaintiff's and each Class Members' hourly wage for each meal period missed or taken late from at least four (4) years prior to the filing of this action to the present as may be proven;

3.   For compensatory damages in the amount of Plaintiff's and each Class Members' hourly wage for each shift where rest period(s) were missed from at least four (4) years prior to the filing of this action to the present as may be proven;

4.   For restitution of the expenses incurred on behalf of Defendants;

5.   For Plaintiff and Class Members, penalties pursuant to Labor Code §226, in an amount in to be proven at the time of trial;

///

13

6.   For penalties pursuant to Labor Code §203 for all employees who quit or were fired equal to their daily wage times thirty (30) days;

7.   An award of prejudgment and post judgment interest;

8.   An order enjoining Defendants and its agents, servants, and employees, and all persons acting under, in concert with, or for it from failing to provide Plaintiff and the Class with wages and/or overtime for all hours worked, proper meal and rest breaks, reimbursement of expenses, and providing accurate itemized records pursuant to Labor Code §§226(a), 226.7, 510, 512, 2802, and IWC 4-2001;

9.   For restitution for unfair competition pursuant to Business & Professions Code §17200, including disgorgement or profits, in an amount as may be proven;

10.   An award providing for payment of costs of suit;

11.   An award of attorneys' fees; and

12.   Such other and further relief as this Court may deem proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.


DATED: October 4, 2010                    KINGSLEY & KINGSLEY, APC


                                          By: _____
                                              DARREN M. COHEN
                                              ATTORNEY FOR PLAINTIFF

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

KINGSLEY & KINGSLEY, APC
ERIC B. KINGSLEY, ESQ. SBN-185123
DARREN M. COHEN, ESQ. SBN-221938
LIANE L. KATZENSTEIN, ESQ. SBN-259230
16133 VENTURA BL., SUITE 1200, ENCINO, CA 91436
TELEPHONE NO.: (818) 990-8300    FAX NO.: (818) 990-2903
ATTORNEY FOR (Name): Plaintiff, JOSEPH PEREZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street, Room 102
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 05 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

CASE NAME:    PEREZ V. SAFELITE GROUP, INC.; et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC446908 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): SEVEN
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: OCTOBER 4, 2010                                  KINGSLEY & KINGSLEY, APC
DAREN M. COHEN                                          _____
_____                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)
(TYPE OR PRINT NAME)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late Claim
   Other Civil Petition

| SHORT TITLE: PEREZ V. SAFELITE GROUP, INC.; et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [ X ] YES  CLASS ACTION? [ X ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 6-8 [ ] HOURS/ [ X ] DAYS

**Item II.**  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (See Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice<br>(45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g.,<br>assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

SHORT TITLE: **PEREZ V. SAFELITE GROUP, INC.; et al.**   CASE NUMBER

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| Professional<br>Negligence<br>(25) | ☐ | A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ | A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ | A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐ | A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment<br>(15) | ☒ | A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ | A6109  Labor Commissioner Appeals | 10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ | A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful<br>eviction) | 2., 5. |
| | ☐ | A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ | A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ | A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections<br>(09) | ☐ | A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ | A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage<br>(18) | ☐ | A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐ | A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ | A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ | A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ | A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction<br>(33) | ☐ | A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐ | A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ | A6032  Quiet Title | 2., 5. |
| | ☐ | A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer -<br>Commercial (31) | ☐ | A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer -<br>Residential (32) | ☐ | A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer -<br>Drugs (38) | ☐ | A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ | A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ | A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

*Left margin vertical labels:* Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Employment | Contract | Real Property | Unlawful Detainer | Judicial Review

| SHORT TITLE:  PEREZ V. SAFELITE GROUP, INC.; et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE:   PEREZ V. SAFELITE GROUP, INC.; et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS:<br>CLASS ACTION-TO BE FILED IN CENTRAL |
|---|---|
| [X]1.  ☐2.  ☐3.  ☐4.  ☐5.  ☐6.  ☐7.  ☐8.  ☐9.  ☐10. | CORP ADDRESS: 2400 FARMERS DR. |

| CITY:<br>COLUMBUS | STATE:<br>OH | ZIP CODE:<br>43235 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Superior Court, County of Los Angeles courthouse in the CENTRAL District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

KINGSLEY & KINGSLEY, APC

Dated: OCTOBER 4, 2010

_Karen Cohen_
(SIGNATURE OF ATTORNEY/FILING PARTY)
DARREN M. COHEN

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, 19th Floor, Los Angeles, California  90067.

     On November 12, 2010, at the direction of a member of the Bar of this Court, I served the within:

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

Eric B. Kingsley, Esq.
Darren M. Cohen, Esq.
KINGSLEY & KINGSLEY, APC
16133 Ventura Boulevard, Suite 1200
Encino, CA 91436

[X]     (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

[ ]     (BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

[ ]     (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

[ ]     (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number: .

Executed this 12th day of November, 2010, at Los Angeles, California.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Kathy Heindel*
KATHY HEINDEL

Glaser Weil Fink Jacobs
Howard & Shapiro LLP
10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

721740v1